USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: 8/26/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- X

CLAUDIO GAETE,

Petitioner,

-v-

DEPARTMENT OF HOMELAND SECURITY, *et al.*,

Respondents.

--------------------------------------------------------------- X

1:26-cv-5650-GHW

ORDER DENYING REQUEST FOR PRO BONO COUNSEL

By letter dated August 14, 2026, Mr. Gaete requested that the Court appoint pro bono counsel. Dkt. No. 15. That request is denied without prejudice.

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id.* Even if a court does believe that a litigant should have a lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989).

On July 2, 2026, the Court granted Mr. Gaete's request to proceed *in forma pauperis* ("IFP"). Dkt. No. 5. In his petition, Mr. Gaete asserts that he is unconstitutionally detained by Immigrations and Customs Enforcement. *See* Dkt. No. 1. The Court finds these claims are "of substance" for

purposes of assigning pro bono counsel. *Hodge*, 802 F.2d 61.

However, the other *Hodge* factors weigh against Petitioner's request. In this case, representation would not "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61. The issues presented do not "require substantial factual investigation." *Id.* Mr. Gaete has been able to present the relevant facts clearly, and the legal issues are not so complex that he cannot present his case competently. *Id.* There is also no reason to believe that "appointment of counsel would be more likely to lead to a just determination." *Id.* at 62. Because the *Hodge* factors weigh against his request, Mr. Gaete's request for pro bono counsel is denied without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Petitioner.

SO ORDERED.

Dated: August 26, 2026
New York, New York

GREGORY H. WOODS
United States District Judge